IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| TODRICK MORRIS,<br>TDCJ No. 854732,<br><br>       Plaintiff,<br><br>v.<br><br>LT. ANTHONY BRIA, *et al.*,<br><br>       Defendants. | §<br>§<br>§<br>§<br>§<br>§  Civil Action No. 7:17-CV-034-O-BP<br>§<br>§<br>§<br>§ |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by an inmate confined in the James V. Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas. By order (ECF No. 64) entered October 12, 2017, Plaintiff's motion (ECF No. 57) for the Court to order Allred Unit officials to return his legal materials to him was referred to the undersigned United States Magistrate Judge for a hearing, if necessary, and findings of fact, conclusions of law, and recommendation for disposition. *See* 28 U.S.C. § 636(b). On October 18, 2017, a hearing was conducted. At the conclusion of the hearing, the parties were directed to submit supplemental materials within seven days. *See* ECF No. 69. Upon consideration of the hearing testimony, the exhibits admitted during the hearing, and the of supplemental documents and other evidence submitted by the parties, the undersigned United States Magistrate Judge finds and recommends as follows:

Plaintiff states that, on September 4, 2017, force was used against him by a "5-man extraction team" and that they took all of his personal property including his legal materials. *See* ECF No. 57 at 1-2. He also claims that guards have refused to deliver his incoming legal mail. *Id.* at 2. Plaintiff

claims that he cannot continue prosecuting this lawsuit without his legal materials and delivery of his legal mail. *Id.*

On October 17, 2017, Defendants filed a response to Plaintiff's motion stating that Plaintiff's property was temporarily confiscated after he refused to submit to a strip search and hand restraints, and because he tampered with the food tray slot of his cell door. *See* ECF No. 68 at 1. Defendants state that Plaintiff's property restriction expired on September 6, 2017 and that, as of the date of their response, all legal property has been returned to Plaintiff. *Id.* at 2. Defendants further state that Plaintiff received all certified mail from the Attorney General's Office as evidenced by his signature on the prison delivery receipts. *Id.* They argue that Plaintiff's motion to compel is now moot. *Id.*

During the hearing, Plaintiff testified that a use-of-force team entered his cell, used force against him, took some of his legal materials and other property, and scattered the rest of his property "on the run." He testified that his property had not been returned and that he was missing motions he was preparing, envelopes, court orders and other motions, a Georgetown Law Journal booklet, and a Self Help Litigation Manual. Although the defense did not call any witnesses during the hearing, Counsel for Defendants assured the Court that Plaintiff's property had been returned. It was believed that the property had been returned on September 7, 2017.

The Court directed Defendants to provide a copy of the property inventory list for the property allegedly returned to Plaintiff on September 7, 2017. Although the defense has not been able to locate the inventory sheet, Plaintiff's property was inventoried by prison officials on October 19, 2017, the day after the hearing in this matter. *See* Defendants' Supplemental Response to Plaintiff's Motion to Compel, ECF No. 72 at 2 n.1, 61. Review of the inventory list reflects that Plaintiff's property, including his legal materials, has been returned.

During the hearing, Plaintiff testified that he never received copies of Defendants' Notice of Supplemental Disclosures (ECF No. 52), or their Designation of Experts (ECF No. 53). Plaintiff was provided with a copy of the docket sheet for this case and was directed to file a statement indicating which documents filed in the case were missing from his files. Plaintiff filed his statement indicating that he is missing copies of the Court's Order to Answer (ECF No. 6), the Court's Scheduling Order (ECF No. 27), and the Declaration of Offender Mark Herbert (ECF No. 43).

To ensure that Plaintiff has copies of documents such that he has a full and fair opportunity to pursue his claims, the **Clerk of Court** shall mail copies of the following documents to Plaintiff:

1. the Court's Order to Answer (ECF No. 6);

2. the Court's Scheduling Order (ECF No. 27); and,

3. the Declaration of Offender Mark Herbert (ECF No. 43).

If Defendants have not already done so, it is **ORDERED** that they shall send Plaintiff second copies of their Notice of Supplemental Disclosures (ECF No. 52), and their Designation of Experts (ECF No. 53).

Review of the record in this case reflects that Plaintiff's temporary loss of his legal property had no material effect on his ability to pursue relief in this action. In light of the fact that Plaintiff's property has been returned to him and the fact that the Court has directed that the remaining missing legal documents related to this case be sent to Plaintiff by the Clerk, it is **RECOMMENDED** that Plaintiff's motion (ECF No. 57) for the Court to order Allred Unit officials to return his legal materials be **DENIED** as **MOOT**.

A copy of the Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of the Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. See 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed November 2, 2017.

_Hal R. Ray, Jr._
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE